**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter A. VIGLIA, M. D., Defendant-Appellant.**

No. 76–1235.

United States Court of Appeals, Fifth Circuit.

March 23, 1977.

Rehearing and Rehearing En Banc Denied May 20, 1977.

F. Irvin Dymond, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before MORGAN and HILL, Circuit Judges, and NOEL,* District Judge.

JAMES C. HILL, Circuit Judge:

On October 9, 1975, a federal grand jury in the Eastern District of Louisiana returned an indictment against the defendant, Dr. Peter A. Viglia, charging him with thirteen violations of 21 U.S.C.A. § 841(a)(1) [1] by issuing prescriptions for controlled drugs without a legitimate medical reason. After a two-day trial, the jury returned a verdict of guilty as to each of the offenses alleged in the indictment. We affirm.

The Government's first witnesses were two agents who had posed as patients and obtained prescriptions for controlled substances from the defendant. The Government then called Dr. Harry C. Shirkey, a physician from the Charity Hospital of Louisiana at New Orleans, and, over objection, had Dr. Shirkey accepted as an expert qualified to give an expert medical opinion on the bounds and scope of professional practice and the legitimate or illegitimate use of the controlled substances involved in the case. The Government then proceeded to

---

* Senior District Judge of the Southern District of Texas, sitting by designation.

1. Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

propound a series of hypothetical questions somewhat at variance from the evidence adduced at the trial. In short, the prosecution's expert testified that the defendant's prescriptions for the drugs were without a legitimate medical purpose.

The defense called Dr. Jerome R. Ryan as an expert who testified that he conducted treatment on the same type of patients as those for which the defendant mistook the undercover agents. The defense also produced three patients of the defendant's who had successfully responded to the same treatment as that which was offered the undercover agents. Finally, the defendant testified and the defense rested.

The defendant first contends that the district court erroneously accepted the Government's physician as an expert witness. The defendant objects mainly on the grounds that the Government's expert testified that his principal area of practice was in pediatrics and that he admitted that he did not treat obesity at all. However, Dr. Shirkey did have a degree in medicine and a degree in pharmacy. He stated that he had written several articles dealing with drugs and that he was a member of the Drug Research Board of the National Research Counsel. Dr. Shirkey had been an assistant in Pharmacology at the University of Cincinnati and had been made an Associate Professor of Pharmacology at the same university. He had been a member of the United States Pharmacopoeia for ten years. Finally, Dr. Shirkey stated that he had occasion to participate on several committees with respect to the treatment of obesity.

■ It is well recognized that the trial judge possesses a broad discretion in passing upon the qualifications of an expert. *United States v. Wysocki*, 457 F.2d 1155, 1161 (5th Cir.) *cert. denied*, 409 U.S. 859, 93 S.Ct. 145, 34 L.Ed.2d 105 (1972); *DeFreese v. United States*, 270 F.2d 737 (5th Cir. 1959), *cert. denied*, 362 U.S. 944, 80 S.Ct. 810, 4 L.Ed.2d 772 (1960). The decision of the trial court will not be disturbed on appeal unless it is manifestly erroneous. *See United States v. Lopez*, 543 F.2d 1156, 1158 (5th Cir. 1976). While Dr. Shirkey had

no experience in treating patients for obesity, his knowledge, training and education in the fields of medicine and pharmacology were a sufficient predicate on which the trial court might accept him as an expert. *See* Fed.R.Evid. 702. We certainly can find no manifest error in this decision and the weight of his testimony was for the jury.

■ The defendant also contends that his right to a fair trial was impaired when the prosecutor posed certain hypothetics to Dr. Shirkey which did not conform to the evidence in the case. However, a review of the entire transcript of the trial reveals that the questions posed by the prosecutor were only slight variations from the testimony theretofore taken during the trial. No objection was raised to any of the hypothetical questions and their admission, if error at all, does not amount to plain error affecting substantial rights. *See United States v. Garcia*, 531 F.2d 1303 (5th Cir. 1976).

In sum, we find no reversible error in the conduct of the trial of this case and the jury's verdict is due to be

AFFIRMED.